## FRANK HINTZ v. STATE.

No. A-7722. Opinion Filed Jan. 31, 1931.

Bishop & Short, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Seminole county, Okla., of the crime of murder, and his punishment was assessed at imprisonment for life

in the state penitentiary at McAlester, from which judgment the defendant has appealed to this court.

In this case the defendant was charged with the killing of Lee Miller, on the 4th day of July, 1929, at an ice dock in the city of Seminole, Seminole county, Okla.

It is not deemed necessary to set out the record in full. However, a careful examination of the record shows that some controversy took place between the defendant and the deceased at the home of the defendant shortly before the killing; that the deceased lived in a tent about eight or ten feet from the defendant's home, and boarded with the defendant; that the deceased left the home of the defendant and went to an ice dock some distance away. Later on the defendant got in his car and drove to the ice dock, and parked his car near the dock, got out of the car, and started towards the ice dock. The deceased got behind a pillar on the platform of the ice dock, and the defendant went up on the platform and used some kind of vile epithets, and told the defendant he was going to kill him. The testimony further tends to show that the defendant chased the deceased around the pillar where the deceased had hidden from the defendant, and finally they came together and clinched. The defendant fired two shots, and the deceased fell. Several eye-witnesses testified that after the deceased fell the defendant fired two or three more shots at or into the body of the deceased.

This is in substance the testimony of the state. The defendant did not take the stand, but called his wife, Lillie Hintz, as a witness. She testified in substance that the trouble between the defendant and the deceased arose at their home over an insult the deceased offered to Lillie Hintz, the wife of the defendant. She testified that the deceased had put his arms around her and forced a kiss

upon her, and that, when she told her husband, the deceased struck her and also knocked her husband down and then left the house.

The son of the defendant was also called, and he to some extent testified to the same facts as his mother, Lillie Hintz.

The testimony clearly shows that the killing of the deceased by the defendant was premeditated, and that the defendant had followed the deceased to the ice dock with the premeditated design to kill the deceased. The court in his instructions correctly stated the law as applied to the facts in the case.

After a careful examination of the record and the instructions of the court, we hold that the defendant was accorded a fair and impartial trial, and that there are no fundamental or prejudicial errors in the record.

The judgment is affirmed.

CHAPPELL and EDWARDS, JJ., concur.